**Rubin DAVIS, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 72-2516

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1973.

Lawrence A. Durant, Baton Rouge, La. (Court-appointed), for petitioner-appellant.

William P. Guste, Atty. Gen., S. J. Dileo, Jr., Asst. Atty. Gen., L. J. Hymel, Jr., Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

While serving a 15-year sentence for an unrelated crime, petitioner and a fellow inmate in the Louisiana State Prison where he was incarcerated became embroiled in a heated quarrel. During the course of the fight that ensued, petitioner pulled a knife from underneath his pillow and stabbed his card partner to death.

Petitioner was indicted for first degree murder as a result of his action and was arraigned, tried, convicted, and sentenced to life imprisonment on November 9, 1962. The only people present at petitioner's trial were the trial judge, the prosecuting attorney, and a recorder who jotted down minute notes of the proceedings. Those notes indicate that the petitioner waived his right to counsel, pled guilty to murder (thereby waiving other precious Fifth and Sixth Amendment rights) and waived the mandatory 24-hour delay provided by statute between conviction and sentencing in this proceeding.

Upon petitioner's application for a writ of habeas corpus, the district court below granted an evidentiary hearing and allowed the petitioner to present evidence from two psychiatrists who had examined him. Both doctors testified that he *could* have intelligently understood the magnitude of his action if— and only if—they were simply and clearly explained. The court below found the minute entries indicating that the petitioner had waived his constitutional rights to be controlling. We disagree.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

In short, this is what the record demonstrates: a nonverbatim minute report taken during the defendant's trial indicates that a marginally competent inmate pleaded guilty to murdering a fellow inmate under circumstances which could have been manslaughter, if not justifiable homicide, and received a life sentence without so much as a bat of the eye. This conduct does not comport with the stringent due process requirements imposed upon the states by Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

■■ There is a strong presumption against the waiver of vital constitutional rights. Upon the record before us, we are unable to state that the defendant intelligently and voluntarily abandoned a known constitutional right or privilege. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Therefore, petitioner must be given the opportunity to plead anew.

Reversed and remanded.